14362

STATE v. SMITH

(188 S. E., 132)

Before GREENE, J., Anderson, May, 1935.

*Mr. A. H. Dagnall,* for appellant,

*Mr. Rufus Fant, Solicitor,* for the State,

October 26, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant was convicted on an indictment which charged him with the offense of "unlawfully knowing and abusing a woman child under the age of 16 years and over the age of 15 years."

Upon the conclusion of the evidence, the attorney for the defendant moved for a directed verdict of not guilty "on the ground that Section 33 of Article 3 of the Constitution of 1895 fixed the age of consent at 14 years, and, the General Assembly had no authority to raise the age of consent to 16 years of age." The motion was refused.

A motion was made for new trial on the ground that "Section 1111 was unconstitutional in so far as it raised the age of consent from 14 years of age to 16 years of age." This motion was also refused.

From the sentence imposed, defendant appeals upon two exceptions, to wit:

"1. Error of the Court in not directing a verdict of not guilty, the prosecutrix being over 14 years of age at the time of the alleged offense. The error being that the Constitution of 1895, Section 33, Article 3, fixes the age of consent at 14 years of age, and Section 1111, Criminal Code 1932, in so far as it makes criminal the carnal knowledge of a woman child over the age of 14 years is invalid and unconstitutional.

"2. Error of the Court in refusing to grant a new trial to the defendant on the ground that it is not unlawful to have sexual intercourse with a woman child over the age of 14 years with her consent."

Appellant's counsel has presented a forceful argument which would appeal strongly to the Court if the question were an open one, but we conceive that it is foreclosed to the consideration of the Court by former decisions of the Court, which it does not feel at liberty to overrule.

In June, 1896, six months after the new Constitution was adopted, December 31, 1895, the very question involved in this appeal came before the Court at Abbeville in the case of the *State v. Haddon,* 49 S. C., 308, 27 S. E., 194, 196. On the appeal the Supreme Court said, in reference to Section 33, Art. 3, Const. 1895: "This provision of the constitution * * * did not of itself create a criminal offense. By its own operation there did not spring into existence such crime as the carnal knowledge and abuse of an unmarried

woman under the age of 14 years, which would require allegation in the indictment, and supporting proof, that the woman was unmarried and under 14 years old. The constitutional provision operated only on the question of consent to sexual intercourse, creating a new rule of evidence in the proof of consent—declaring certain persons incapable of consenting."

Again in the same case, the Court said: "In the case at bar the defendant was convicted and sentenced for rape, whereas the proviso above quoted (now, Section 1111, Criminal Code 1932), provides for the punishment of one convicted for the carnal knowledge and abuse of a woman child under the age of 14. The two offenses, while having some points of resemblance, are distinct and separate."

In the case of *State v. Coleman,* 54 S. C., 162, 31 S. E., 866, the defendant was convicted under Section 115, Criminal Code (now Section 1111), which provided that it shall be a felony to have carnal knowledge of a woman child under the age of 14 years. Disposing of the case on appeal the Supreme Court said: "The appellant contends that at common law a person under 14 years of age cannot commit the crime of rape. It is not necessary in this case to decide the question whether the doctrine for which the appellant contends is of force in this state as to rape, because he was not indicted for that crime, but for the carnal knowledge of an unmarried woman under 14 years of age, which is a statutory offense. *State v. Haddon,* 49 S. C., 308, 27 S. E., 194, shows that, while the two crimes are similar in some respects, they are separate and distinct."

In the case of the *State v. Wilson,* 162 S. C., 413, 161 S. E., 104, 81 A. L. R., 580, the main opinion, written by Mr. Chief Justice Blease, and the dissenting opinion, written by Mr. Associate Justice Cothran, in which last-named opinion the writer of this opinion concurred, both quoted with approval the opinion in the *Haddon case* as it relates to the questions under discussion in this present case.

In the light of these decisions we are constrained to dismiss this appeal and affirm the judgment of the lower Court.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE FISH-BURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.

MR. JUSTICE BAKER dissents.