## IN RE the PATERNITY OF J.L.H.: J.J.G., Appellant,†

v.

## L.H., Respondent,

Court of Appeals

*No. 88-1887. Submitted on briefs December 22, 1988.—Decided February 23, 1989.*

(Also reported in 441 N.W.2d 273.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Donald J. Harman* and *Harman & Kelly, Ltd.,* of La Crosse.

For the respondent the cause was submitted on the brief of *Angela L. Machi, of La Crosse.*

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   J.J.G. appeals from a summary judgment in this paternity proceeding determining that he is the father of J.L.H. and ordering him to pay child support equal to seventeen percent of his gross income. Appellant was fifteen years old when the child was conceived. He asserts that the child's mother, L.H., sexually assaulted him, contrary to sec. 940.225(2)(e), Stats. 1979, and that he was incapable of consent under the sexual assault law. He argues that ordering him to pay child support allows the mother to profit from her crime and that the paternity finding and child support

order violate his constitutional rights of substantive due process and equal protection. We resolve the issues against appellant and affirm.

Summary judgment is governed by sec. 802.08, Stats. The purpose of summary judgment procedure is to determine whether a genuine issue of material fact exists, and if it does not, whether the moving party is entitled to judgment. Sec. 802.08(2). When reviewing an order for summary judgment, we apply the same methodology as the trial court and decide the matter *de novo*. *Reel Enterprises v. City of La Crosse,* 146 Wis. 2d 662, 667, 431 N.W.2d 743, 746 (Ct. App. 1988). The first step is to examine the pleadings and determine whether a claim has been stated and a material issue presented. *State Bank of La Crosse v. Elsen,* 128 Wis. 2d 508, 511, 383 N.W.2d 916, 917 (Ct. App. 1986).

Section 767.45(5), Stats., specifies the required contents of a petition in a paternity action. L.H. is the petitioner. Her petition meets the statutory requirements and states a claim to adjudicate appellant the father of the child, born May 8, 1982, and to compel appellant to pay child support. In his amended answer, appellant denies that he is the father and pleads that if the evidence proves his paternity, he should not be compelled to pay child support because he was a victim of sexual assault and L.H. should not benefit from her crime. The answer raises a defense.

When, as here, the pleadings state a claim and a material factual issue exists, we examine the moving party's affidavits to determine whether the moving party has made a *prima facie* case for summary judgment. *State Bank of La Crosse,* 128 Wis. 2d at 511, 383 N.W.2d at 917.

To support her motion for summary judgment, L.H. submitted an affidavit that appellant had offered to support his previous motion for summary judgment, which had been denied. In that affidavit, appellant states that in the summer of 1981 he resided in a home for children in La Crosse. On August 11, 1981, he ran away and met L.H., whom he knew from the home. L.H. was eighteen and one-half years old. He went with L.H. to her father's home, where he stayed for ten to fourteen days and had sexual intercourse with her on four occasions. He asserts that she initiated their sexual activity and had to show him how to perform the act of sexual intercourse because this was his first time. L.H.'s other supporting affidavits set forth sufficient circumstances to establish a *prima facie* case for summary judgment adjudicating appellant to be the father of the child.

We turn to the affidavits appellant submitted in opposition to the motion for summary judgment. We examine his opposing affidavits to determine whether a genuine issue of material fact exists which must be tried. *State Bank of La Crosse,* 128 Wis. 2d at 511, 383 N.W.2d at 917.

In one opposing affidavit, appellant incorporates the facts set forth in an amended civil complaint in an action which he brought against the children's home. His affidavit also incorporates statements he made to the La Crosse police. He asserts that he suffered psychological damage as a result of L.H.'s sexual assaults upon him, that he cannot support himself and that his reduced earning capacity was caused by L.H.'s sexual assault on him.

The assumption underlying appellant's opposition to the motion for summary judgment is that a putative father in a paternity action has a defense if the sexual

intercourse occurred without his consent. The amended civil complaint which his opposing affidavit incorporates alleges that the child born to L.H. was "the result of nonconsensual sexual assault in violation of sec. 940.225(2)(e), Wis. Stats." The statutory reference must be to sec. 940.225(2)(e), Stats. 1979, which was in effect in August 1981. That statute provides that it is a felony for a person to have "sexual intercourse with a person who is over the age of 12 years and under the age of 18 years without consent of that person, as consent is defined in sub. (4)."[1] Subsection (4) provides:

"Consent" as used in this section, means words or overt actions by a person who is competent to give informed consent indicating a freely given agreement to have sexual intercourse or sexual contact. A person under 15 years of age is incapable of consent as a matter of law. The following persons are presumed incapable of consent but the presumption may be rebutted by competent evidence, subject to the provisions of s. 972.11(2):

(a) a person who is 15 to 17 years of age ....

Sec. 940.225(4), Stats. 1979.

[1]This statute was altered by ch. 308, Laws of 1981, effective May 1, 1982, which amended sec. 940.225(2)(e) to change age eighteen to age sixteen and delete references to consent, and repealed the provisions in sec. 940.225(4) relating to presumptions of consent based on age.

1987 Act 332, secs. 30 and 55, repealed sec. 940.225(2)(e) and created sec. 948.02(2), which provides that "whoever has sexual contact or intercourse with a person who has not attained the age of 16 years" is guilty of second-degree sexual assault, and sec. 948.09, which provides that "whoever has sexual intercourse with a child who is not the defendant's spouse and who has attained the age of 16 years" is guilty of a misdemeanor.

Given its context, the allegation in appellant's civil complaint that the child was born as a "result of nonconsensual sexual assault in violation of sec. 940.225(2)(e)" is a conclusion of law. Affidavits supporting or opposing summary judgment must contain evidentiary facts. Allegations which are merely conclusions of law do not meet that requirement and are ignored in summary judgment methodology. *Maynard v. Port Publications, Inc.*, 98 Wis. 2d 555, 562, 297 N.W.2d 500, 504 (1980).

We reject appellant's assertion that because he was fifteen years old when he had intercourse with L.H., he was incapable of consent. The assertion rests on the argument that sec. 940.225(4)(a), Stats. 1979, created a rebuttable presumption to that effect. That statute pertains to the guilt of a criminal defendant, not to the civil rights or duties of the victim. Paternity actions are civil proceedings. *State ex rel. Lyons v. DeValk*, 47 Wis. 2d 200, 203, 177 N.W.2d 106, 107 (1970). The presumption created by sec. 940.225(4)(a) does not apply in this proceeding.

No factual assertions in the opposing affidavits submitted by or on behalf of appellant state or give rise to a reasonable inference that his sexual intercourse with L.H. was forced upon him or occurred without his consent. The hugging, kissing, petting and other acts leading to intercourse detailed in the statement he gave to the police (which he submitted to oppose the state's motion) can only be read as evidence of his willing and voluntary participation.

Consequently, we do not decide whether the defense of nonconsent is available to a putative father in a

paternity proceeding. We conclude only that appellant's opposing affidavits fail to raise a genuine issue of material fact as to whether his sexual intercourse with L.H. was nonconsensual.

A second assumption underlying appellant's opposition to the motion for summary judgment is that because of his age, he was the victim of a criminal assault. For purposes of summary judgment methodology, we take as true the claim in his affidavits that he was the victim of a criminal assault and that the child was born as a result of that assault. We therefore review defendant's several arguments based on his claim to be a sexual assault victim.

We reject appellant's argument that his paying child support to L.H. would permit her to benefit from her crime. Even assuming that L.H. criminally assaulted appellant, child support is paid to benefit the child, not the custodial parent. The custodial parent receives support payments in trust to be used for the child's welfare. *Francken v. State,* 190 Wis. 424, 441, 209 N.W. 766, 772 (1926).

Appellant contends that this proceeding to determine paternity and to compel him to support a child conceived from the assault upon him denies him due process.[2] He contends that this proceeding shocks the

[2]The mother of the child, L.H., is the petitioner in the paternity action. An attorney from the La Crosse County Child Support and Paternity Action has represented her since the action was commenced and on this appeal. The fourteenth amendment of the United States Constitution can only be violated by conduct that constitutes "state action." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924 (1982). Private use of state sanctioned private remedies or procedures is not generally state action, but "when private parties make use of state procedures with the overt, significant assistance of state officials, state action may be found." *Tulsa Collection Servs. v.*

conscience and offends basic fairness and decency. He relies in part on his father's affidavit.

Appellant's father states in his affidavit that he is a practicing clinical psychologist. He states that appellant has been hospitalized for severe psychiatric problems on five occasions during 1987 alone, is incapable of holding a permanent job, and will likely never be able to hold a full-time job. In the father's opinion, appellant's reduced earning capacity is partly the result of the "statutory rape" perpetrated on him by L.H.

Substantive due process prohibits a state from engaging in conduct that "shocks the conscience," or interferes with rights "implicit in the concept of ordered liberty." *United States v. Salerno,* 481 U.S. 739, 746 (1987). That the state assisted L.H. in bringing a paternity action to determine whether appellant is the father is neither shocking nor unfair. Whether he is the father is a biological fact. Whether the fact does or does not exist cannot shock the conscience and has nothing to do with fairness. This is true no matter how conception occurred.

Nor can a court order compelling appellant to pay support be shocking or unfair, except as to the amount set. A parent's civil duty to support his or her child rests in part upon the voluntary status of parenthood. *Krause v. Krause,* 58 Wis. 2d 499, 507, 206 N.W.2d 589,

*Pope,* 485 U.S. —, —, 108 S. Ct. 1340, 1345, 99 L. Ed.2d 565, 576 (1988) (intimate involvement of probate court in activating time bar to claims of creditors against estate sufficient to constitute state action); *Lugar,* 457 U.S. at 941–42 (where private party obtained prejudgment, attachment of petitioner's property, sheriff's execution of writ sufficient to characterize private party as a state actor). We conclude that state action exists because of the significant assistance of the county attorney.

594 (1973). No genuine issue of material fact has been shown to exist as to whether appellant's intercourse with L.H. was nonconsensual. We are entitled to infer from his statement to the police that his intercourse with L.H. was voluntary. If voluntary intercourse results in parenthood, then for purposes of child support, the parenthood is voluntary. This is true even if a fifteen-year old boy's parenthood resulted from a sexual assault upon him within the meaning of the criminal law. *Compare Schierenbeck v. Minor,* 367 P.2d 333, 335 (Colo. 1961) (that intercourse between twenty-year old woman and sixteen-year old boy was criminal act on her part irrelevant to boy's duty to support their child); *Weinberg v. Omar E,* 106 A.D.2d 448, 482 N.Y.S.2d 540, 541 (N.Y. App. Div. 1984) (age of father irrelevant to paternity proceeding and will not excuse father from his duty to support child).

That the claimed criminal assault upon appellant rendered him psychotic and incapable of supporting himself has not been shown to affect the fairness of this proceeding. Appellant's duty to support the child flows from his voluntary parenthood.[3] His resulting psychological condition and reduced earning capacity is relevant only to the amount of child support he must pay. No issue is raised regarding the reasonableness of the amount ordered, which is seventeen percent of his gross income.

We turn to appellant's equal protection arguments. Equal protection analysis is a two-step process. The

[3]For a statutory exception to this rule, see sec. 891.40(2), Stats. (man who donates semen to physician for artificial insemination of woman other than man's wife has no duty to support child so conceived and no parental rights as to that child).

court first defines the classes created by the challenged law and then determines whether the classification has a reasonable basis. *Laskaris v. City of Wisconsin Dells,* 131 Wis. 2d 525, 534–35, 389 N.W.2d 67, 71 (Ct. App. 1986). However, no person has standing to challenge unequal protection afforded to members of a class unless he or she is a member of that class, *Racine Steel Castings v. Hardy,* 144 Wis. 2d 553, 563, 426 N.W.2d 33, 36 (1988), or is not a member of the class but has established an injury in fact resulting from the classification and a personal stake in the outcome of the litigation. *Craig v. Boren,* 429 U.S. 190, 194 (1976); *Racine Steel Castings,* 144 Wis. 2d at 564, 426 N.W.2d at 36–37.

Appellant's first equal protection argument is that existing law discriminates against him by allowing female sexual assault victims who become pregnant to abort their pregnancies and by refusing male victims of sexual assault the right to compel female perpetrators who become pregnant to have an abortion. For purposes of our analysis, we assume without discussion that existing law has created the classes that appellant has defined. But appellant has made no showing that he is a member of the disadvantaged class or that he has suffered an injury in fact by reason of the classification. Assuming he is indeed the victim of a sexual assault, he has not shown that he attempted to compel or even asked L.H. to have an abortion. We conclude that he lacks standing to assert the challenge, and we therefore do not address the merits of his first argument.

Appellant's second equal protection argument is based on sec. 48.42(2m), Stats., which provides:

Notice [of a petition to terminate parental rights] is not required to be given to a person who

may be the father of a child conceived as a result of sexual assault or of incest if a physician attests to his or her belief that a sexual assault or incest has occurred.

Appellant contends that sec. 48.42(2m) discriminates against male sexual assault victims who become parents. In his view, the discrimination arises because the statute allows only female victims to terminate parental rights. The argument has no merit.

Section 48.42(2m), Stats., does not create the classes appellant describes. The statute is merely a notice provision. It does not prohibit a father of a child conceived as a result of sexual assault upon him from petitioning to terminate his paternal rights. Assuming that sec. 48.42(2m) creates the classifications of which appellant complains, he lacks standing to attack it on equal protection grounds. Because he has not shown that he seeks to terminate his parental rights to the child, he is not a member of the affected class and he has as yet suffered no injury resulting from the classification.

Having concluded that appellant's affidavits fail to show that a genuine issue of material fact exists which must be tried and because we have rejected his various defenses, we affirm the summary judgment determining that he is the father of J.L.H. and ordering him to pay child support.

*By the Court.*—Judgment affirmed.