1387

James E. McCREERY, Claimant, Respondent v. COVENANT PRESBYTERIAN CHURCH and Auto-Owners Insurance Company; or ABC Enterprises, Inc., and U.S. Fire Insurance Company; or Grace Presbyterian Chapel; Defendants, Of Whom Covenant Presbyterian Church and Auto-Owners Insurance Company, are Appellants, and ABC Enterprises, Inc., and U.S. Fire Insurance Company are Respondents.

(383 S. E. (2d) 264)

Court of Appeals

---

[1] There is no contention that the director was an employee of Richland County.

*Samuel F. Painter,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for appellants.*

*Willard D. Hanna, Jr.,* of *Harris, Hanna & Smith,* Surfside Beach, and *Lana H. Sims, Jr.,* of *Nauful & Ellis,* Columbia, *for respondents.*

Heard June 12, 1989.

Decided Aug. 14, 1989.

CURETON, Judge:

This is a workers' compensation case. The primary issue is whether James McCreery was an employee of Covenant Presbyterian Church at the time of his injury. The Single Commissioner, Full Commission, and circuit court held he was an employee. Covenant and its workers' compensation

insurer, Auto-Owners Insurance Company, appeal. We reverse.

In 1984, Covenant Presbyterian Church in Columbia decided to assist in the development of a new church in Murrells Inlet. This new church was to be known as Grace Presbyterian Chapel. Covenant purchased land for the new church and selected Rev. Vaughn Shoemaker as an assistant minister with the responsibility to organize and build the new church. Rev. Shoemaker entered into a contract on behalf of Grace Presbyterian Chapel with A.B.C. Enterprises Inc. to build the church. James McCreery was the president of A.B.C. Enterprises. The company obtained the construction materials and the labor was supplied by volunteers. Mr. McCreery was one of the volunteers. On September 18, 1985, he was injured in a fall at the site. The accident was reported to the agency which supplied insurance coverage to Covenant. Apparently, the accident was reported on a Form 12-A to Auto-Owners Insurance Company and an adjuster was assigned to the file in November. The record does not disclose fully the investigation which took place but the adjuster received a recorded statement from Mr. McCreery and obtained copies of his tax returns for wage verification.

In January of 1986, Mr. McCreery and Auto-Owners entered into an agreement for compensation. This agreement was submitted to the Workers' Compensation Commission which approved the agreement in a form order. The notice of award indicated McCreery was entitled to temporary total disability as well as medical benefits. The notice also stated "the Commission will revise the above award upon a showing of mistake of fact, fraud, or change of condition."

In July 1986, after having stopped payment of compensation to McCreery, Covenant and Auto-Owners petitioned the Workers' Compensation Commission to set aside the award. They asserted McCreery was not an employee of Covenant and the Commission was without jurisdiction to enter the award of compensation.

The Single Commissioner held there had been no showing of misrepresentation on the part of McCreery. He held the mistake of fact as to McCreery's status could not serve as a basis for setting aside the award because Auto-Owners had

two months to investigate the claim and complete access to all information concerning the facts of the case. He further held the award of the Commission was not subject to collateral attack and that McCreery was an employee of Covenant and entitled to compensation. The Single Commissioner's findings and conclusions were affirmed by the Full Commission. The circuit court on appeal held the agreement for compensation between McCreery and Auto-Owners was the law of the case and not subject to collateral attack. The court also held McCreery was an employee of Covenant.

I.

The first matter this Court must address is the agreement for compensation between McCreery and Auto-Owners. The Workers' Compensation Commission has subject matter jurisdiction only where the relationship of employer and employee exists at the time of the alleged injury for which the claim is made. *Crim v. Decorator's Supply*, 291 S. C. 193, 352 S. E. (2d) 520 (Ct. App. 1987). Auto-Owners contends the relationship does not exist and lack of subject matter jurisdiction can be raised on appeal. McCreery argues Auto-Owners had the opportunity to investigate and jurisdiction was present when the agreement for compensation was executed; therefore, it is bound by its agreement.

Lack of subject matter jurisdiction cannot be waived and an appellate court may raise it *ex mero motu. Harden v. S. C. State Highway Dept.*, 266 S. C. 119, 221 S. E. (2d) 851 (1976). Parties cannot by consent confer jurisdiction upon a court. *Cox v. Lunsford*, 272 S. C. 527, 252 S. E. (2d) 918 (1979); *Petroleum Transportation Inc. v. Public Service Comm.*, 255 S. C. 419, 179 S. E. (2d) 326 (1971). This principle also applies to the Workers' Compensation Commission. *Carter v. Associated Petroleum Carriers*, 235 S. C. 80, 110 S. E. (2d) 8 (1959) (Industrial Commission cannot acquire jurisdiction by estoppel, agreement, waiver, or conduct). Contrary to the argument of McCreery, we do not believe this case is controlled by *Allen v. Benson Outdoor Advertising Co.* In *Allen* the parties entered into an agreement for compensation which was approved by the Industrial Commission. The employee later asserted his condition

had changed for the worse and he was entitled to a review of the award. One of the issues raised by the employer in response was that the employee did not suffer an injury by accident. The South Carolina Supreme Court held the question of whether the claimant suffered an injury by accident was finally adjudicated by the agreement as to compensation and the employer could not retry the issue. *Allen v. Benson Outdoor Advertising Co.*, 236 S. C. 22, 112 S. E. (2d) 722 (1960). There is a distinction between the existence of an employer-employee relationship and whether an employee suffered an injury by accident. The first issue is directed to subject matter jurisdiction and the appellate courts in resolving the issue may take their own view of the preponderance of the evidence. The second question does not involve subject matter jurisdiction and the appellate courts review the commission's findings of fact pursuant to the Administrative Procedures Act. *Cline v. Nosredna Corp. Inc.*, 291 S. C. 75, 352 S. E. (2d) 291 (Ct. App. 1986). The *Allen* case does not address subject matter jurisdiction. We also note this is not a case where the issue of subject matter jurisdiction was actually litigated and the aggrieved party did not appeal the decision.

In *Reaves v. Earle-Chesterfield Mill Co.*, 216 N. C. 462, 5 S. E. (2d) 305 (1939), the North Carolina Supreme Court addressed an employer's challenge to subject matter jurisdiction after an agreement of compensation was executed. Compensation had been paid for almost ten months when the employer asserted the North Carolina Industrial Commission lacked jurisdiction. The Supreme Court of North Carolina held neither the agreement of the parties nor the subsequent payment of compensation pursuant to the agreement amounted to a waiver of jurisdiction. The court held the Industrial Commission had no jurisdiction of the agreement if it had none of the claim. *See Hart v. Thomasville Motors, Inc.*, 244 N. C. 84, 92 S. E. (2d) 673 (1956) (challenge to subject matter jurisdiction by claimant disputing his status as an employee after an agreement was entered).

Because of the special nature of subject matter jurisdiction we agree with the reasoning of the North Carolina Supreme Court that the issue of subject matter jurisdiction may be raised although an agreement

for compensation was executed and approved by the Commission. We note that at the time the Commission issued its notice of award no evidentiary hearing had been held so we reject McCreery's argument that Covenant and Auto-Owners failed to appeal from the award and are therefore barred from asserting their position. Quite simply, the doctrine of res judicata does not apply to the award in question.

## II.

Having decided a review of the employer-employee relationship is not foreclosed by the agreement for compensation, we address the pivotal question of whether James McCreery was an employee of Covenant Presbyterian Church. We hold he was a volunteer and not an employee under our workers' compensation law.

The term "employee" is defined in Section 42-1-130, Code of Laws of South Carolina, 1976, as amended. The section provides, in part, that an employee is any "person engaged in an employment under any appointment, contract of hire or apprenticeship, express or implied. . . ." The phrase "contract of hire" connotes payment and a worker who neither receives nor expects payment for his services is not generally considered an employee within the definition. *See* 1C A. Larson, *The Law of Workmen's Compensation* Section 47.41 (1986). The North Carolina Supreme Court has interpreted the term "employee" under its workers' compensation law as one who works for wages or salary and has a right to demand payment for services. *Lucas v. Li'l General Stores,* 289 N. C. 212, 221 S. E. (2d) 257 (1976); *Lemmerman v. A. T. Williams Oil Co.,* 318 N. C. 577, 350 S. E. (2d) 83 (1986).

Mr. McCreery donated his labor in the construction of the church. There is no evidence he was paid wages or had a right to demand payment. There is also no evidence Mr. McCreery entered into a tithing agreement with either Grace or Covenant so that his work could be considered as as credit toward his tithe obligation. *See Schreckengost v. Gospel Tabernacle,* 188 Pa. Super. 652, 149 A. (2d) 542 (1959); *Clark v. First Baptist Church,* 570 P. (2d) 327 (Okla. 1977). We find no evidence of an employment relationship between Mr. McCreery and Covenant Presbyterian Church. He was not hired by Covenant and he was not performing any paid

service for Covenant. The preponderance of the evidence does not support a finding Mr. McCreery was an employee of Covenant Presbyterian Church. *See McLeod v. Piggly Wiggly Carolina Co.*, 280 S. C. 466, 313 S. E. (2d) 38 (Ct. App. 1984) (review by appellate courts of relationship of employment is governed by preponderance of evidence).

In conclusion, we find James McCreery was not an employee under the South Carolina workers' compensation law. The Workers' Compensation Commission had no subject matter jurisdiction over his claim. It is not necessary for us to consider the issue of the joinder of A.B.C. Enterprises Inc. and U.S. Fire Insurance Company under our disposition of this matter.

Reversed.

GARDNER and GOOLSBY, JJ., concur.