### 23299

James E. McCREERY, Petitioner v. COVENANT PRESBYTERIAN CHURCH and Auto-Owners Insurance Company, or ABC Enterprises, Inc. and U.S. Fire Insurance Company, or Grace Presbyterian Chapel, Defendants, OF WHOM, Covenant Presbyterian Church and Auto-Owners Insurance Company, are Respondents.

(400 S.E. (2d) 130)

Supreme Court

*Willard D. Hanna, Jr.,* and *V. Lee Moore,* of *Harris & Hanna,* Surfside Beach, *for petitioner.*

*Samuel F. Painter,* of *Nexsen Pruet Jacobs & Pollard,* Columbia, *for respondents.*

*Lana H. Sims, Jr.,* of *Nauful & Ellis,* Columbia, *for ABC Enterprises, Inc.* and *U.S. Fire Ins. Co.*

Heard Oct. 23, 1990.

Decided Dec. 10, 1991.

GREGORY, Chief Justice:

This case is before us on a writ of certiorari to review the decision of the Court of Appeals reported at 299 S.C. 218, 383 S.E. (2d) 264 (Ct. App. 1989). We reverse.

Petitioner McCreery was severely injured while working as a volunteer constructing a new church under the supervision

of respondent Covenant Presbyterian Church. Covenant's workers' compensation carrier, respondent Auto-Owner's Insurance Company, entered into a compensation agreement with McCreery which was submitted to and approved by the Workers' Compensation Commission (Commission).

Covenant and Auto-Owners subsequently petitioned the Commission to set aside the compensation award on the ground the Commission lacked jurisdiction because McCreery was not an employee of Covenant. The hearing commissioner held the award was not subject to collateral attack and denied the petition. The Commission and the circuit court affirmed. The Court of Appeals reversed, however, holding the issue was one of subject matter jurisdiction and could not be waived. It ruled the Commission had no jurisdiction because McCreery was a volunteer and the Workers' Compensation Act does not apply to volunteers.

We need not decide whether the Act applies to volunteers since we find the compensation award in this case is not subject to collateral attack.

In *Allen v. Benson Outdoor Advertising Co.*, 236 S.C. 22, 112 S.E. (2d) 722 (1960), this Court held that once the Commission approves a compensation agreement, the factual issue of liability under the Act is finally adjudicated and cannot be retried on collateral attack. The Court of Appeals found *Allen* inapplicable to this case because "the *Allen* case does not address subject matter jurisdiction." 299 S.C. at 222, 383 S.E. (2d) at 266. It also noted as a basis of its decision that the issue of subject matter jurisdiction was not actually litigated in the case at hand. *Id.*

We disagree with the Court of Appeals' conclusion. The jurisdictional question whether a claimant is an employee is a factual one. *See Chavis v. Watkins*, 256 S.C. 30, 180 S.E. (2d) 648 (1971); *see also Reeves v. Carolina Foundry & Machine Works*, 194 S.C. 403, 9 S.E. (2d) 919 (1940). Once the Commission approves a compensation agreement, the agreement becomes as binding as a judicial decree and the facts contained therein are as definitely settled as factual findings incorporated in a decree. *Singleton v. Young Lumber Co.*, 236 S.C. 454, 114 S.E. (2d) 837 (1960). Where subject matter jurisdiction depends upon a factual finding, a judicial decree determining such a fact does or does not exist can-

not be challenged on collateral attack. *Churchwell Bros. Const. Co. v. Archie R. Briggs Const. Co.*, 89 Ga. App. 550, 80 S.E. (2d) 212 (1954); *Collins v. Duff*, 283 S.W. (2d) 179 (Kentucky 1955); *Cacek v. Munson*, 160 Neb. 187, 69 N.W. (2d) 692 (1955); *Leveto v. National Fuel Gas Distrib. Corp.*, 243 Pa. Super. 510, 366 A. (2d) 270 (1976); 21 C.J.S. *Courts* § 115 (1940). Here, the agreement expressly states McCreery is the "employee" and Covenant the "employer." These jurisdictional facts are unassailable on collateral attack.[1]

Moreover, contrary to the Court of Appeals' reasoning, the fact that subject matter jurisdiction was not actually litigated in this case supports disallowing a collateral attack. It is settled law that an employer wishing to raise the exclusivity of the Commission's jurisdiction as a defense to an action in circuit court must plead facts raising it as an affirmative defense or it is waived. *Googe v. Speaks*, 194 S.C. 206, 9 S.E. (2d) 439 (1940); *Ammons v. Hood*, 288 S.C. 278, 341 S.E. (2d) 816 (Ct. App. 1986). Similarly, an employer must raise to the Commission the factual issue whether the Act confers jurisdiction. Failure to do so constitutes a waiver of the issue.

Accordingly, the decision of the Court of Appeals is

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.

---

[1] Fraud is not an issue here.