2178

Mary DOE, a minor, by her Guardian ad litem John Doe, and John Doe, Individually, Respondent-Appellant v. GREENVILLE HOSPITAL SYSTEM, Appellant-Respondent.

(448 S.E. (2d) 564)

Court of Appeals

*John B. McLeod* and *Daren B. Hipp, Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant-respondent.*

*Terry E. Haskins* and *Douglas A. Churdar,* Greenville, *for respondent-appellant.*

Heard Mar. 10, 1994.

Decided Apr. 25, 1994; Reh. Den. Oct. 6, 1994.

SHAW, Judge:

The plaintiff, Mary Doe, a minor under the age of sixteen, was a candy striper at a hospital operated by the defendant, Greenville Hospital System. She alleges a 31-year-old male employee sexually assaulted her while she was working at the hospital.

The trial involved claims by Mary Doe against the hospital for negligent hiring and negligent supervision of the male employee. There was also a derivative claim by Mary Doe's father for loss of custody, companionship, and service of his daughter. The jury returned a verdict in favor of Mary Doe for $545,000. The trial judge reduced the verdict to $250,000 pursuant to the South Carolina Tort Claims Act. The jury returned a verdict in favor of the hospital on the derivative claim of the father. Both the hospital and the Does have appealed. We affirm.

### Appeal of Hospital

The hospital presents three issues on appeal. These issues relate to the admission of testimony, the jury charge, and the sufficiency of the evidence to submit the case to the jury.

### I.

The hospital asserts the circuit court erred in admitting the testimony of Linda Hutton, a clinical social worker. She was offered by Mary Doe as an expert in the area of sexual assault involving adolescents. The hospital objected to the admission of her testimony on the ground Ms. Hutton had not treated Mary Doe and was not competent to testify to Mary Doe's state of mind at the time of the sexual encounter. We find no error in the admission of the testimony.

The qualification of an expert witness and the admissibility of the expert's testimony are each matters largely within the trial judge's discretion. *McMillan v. Tuomey Hospital,* — S.C. —, 459 S.E. (2d) 829 (1993). Ms. Hutton did not testify to the specific state of mind of Mary Doe at the time of the alleged assault. Rather, her testimony was couched in terms of general patterns of conduct exhibited by adolescent sexual assault victims, i.e. familiarity with the perpetrator, more than one incident, lack of reporting. On cross-examination, she testified it was not uncommon for young adolescents to be sexually active and to engage in consensual sexual activity.

The record is clear the hospital made Mary Doe's alleged willing participation in the sexual activity an issue in the case. Therefore, the testimony of Ms. Hutton was relevant to assist the jury in analyzing the conduct of the parties. It was a matter for the jury to consider the weight to be given the testi-

mony. Cf. *State v. Hill*, 287 S.C. 398, 339 S.E. (2d) 121 (1986) (relevancy of expert testimony on battered woman's syndrome); *State v. Schumpert*, — S.C. —, 435 S.E. (2d) 859 (1993) (expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred where the probative value of such evidence outweighs its prejudicial effect).

## II.

The hospital asserts error in three respects in the jury charge. We find no error.

### (a)

The hospital asserts the court erred in charging the jury that an unmarried female under the age of sixteen could not legally consent to sexual intercourse with an adult. It objected to the charge on the ground it was based on a criminal statute which has no applicability in a civil assault and battery case. It contends the tort of assault and battery requires a nonconsensual touching and, if the touch is authorized, there is no battery. We disagree.

As a matter of public policy, the General Assembly has determined a minor under the age of sixteen is not capable of voluntarily consenting to a sexual battery committed by an older person. S.C. Code Ann. § 16-3-655(3) (1985). This is the law of this state, whether it is applied in a criminal or civil context. Further, the issue before the jury was whether the hospital negligently hired or supervised an employee who committed a criminal act against the plaintiff. Thus, the criminal statute is applicable to this civil suit.

### (b)

The court charged the jury evidence of intentional alteration of a document by a party could be used by them for the limited purpose of assessing the credibility of the evidence present by the party. The hospital objected on the ground this was an improper charge on the facts by the court.

During the trial, there was testimony concerning the addition of certain notes to the male employee's personnel file after the alleged sexual encounter with Mary Doe. These notes concerned a prior incident between the male employee and Mary Doe.

A review of the charge on this point does not indicate the court improperly instructed the jury on the facts. The trial judge clearly instructed the jury he made no suggestion on the issue of whether the document was intentionally altered. Under the circumstances, we find no error.[1]

(c)

The hospital further asserts the circuit court erred in charging the jury that damages for mental pain and suffering could be recovered under the negligent hiring and supervision cause of action. It argues Mary Doe did not sustain any physical injuries from the sexual assault by the hospital employee and, therefore, is barred from recovery for any emotional or mental anguish. We disagree.

We first note the record before us shows the trial judge referred only to "physical pain and suffering" and "pain and suffering." Nowhere in the charge contained in the record does he refer to "mental pain and suffering."[2] Further, even if the trial judge did charge the jury on mental pain and suffering, we find no error. The record is replete with evidence that Mary Doe suffered a severe mental injury as a result of the sexual assault. The fact that she may have suffered no actual physical injury at the time of the assault is not determinative.[3]

In *Spaugh v. Atlantic Coast Line R. Co.*, 158 S.C. 25, 155 S.E. 145 (1930) our Supreme Court held as follows:

> In order to receive bodily injury, it was not necessary that the plaintiff should lose a limb, or receive a broken limb, or to have wounds inflicted on her body. Having her nervous system injured and being made sick, in the manner she testified, constitutes bodily injury, and for which she should be entitled to recover damages in proportion to such injury, provided the proof established negligence

---

[1] We do not understand the hospital to argue the charge is an improper statement of the law, but rather that it was an improper charge on the facts of the case. Therefore, we express no opinion on whether the charge was a correct statement of the law.

[2] The burden is on appellant to furnish an adequate record on appeal from which this court can make an intelligent review. *Windham v. Honeycutt*, 290 S.C. 60, 348 S.E. (2d) 185 (Ct. App. 1986).

[3] There is some evidence Mary Doe exhibited physical problems from the attack in that she reportedly broke out in hives.

on the part of defendant's agent . . . and such negligence caused the alleged injury complained of.

\* \* \* \* \*

It is clear, also, that the appellant's position, that the plaintiff could not recover for mental suffering for the reason that there was no proof of bodily injury, cannot be sustained, for . . . there is ample proof that the plaintiff suffered bodily injury. Suffering from a nervous breakdown, as a result of defendant's negligence, would support a verdict for the plaintiff, independent of any other injury she sustained.

Accordingly, we find the evidence shows Mary Doe suffered bodily injury in the form of a mental injury and, therefore, hold the circuit court did not err in charging the jury on mental pain and suffering.

### III.

The hospital asserts the circuit court erred in failing to grant its motions for directed verdict and judgment notwithstanding the verdict. When considering these motions, the trial court must view the evidence in the light most favorable to the nonmoving party. If the evidence is susceptible of more than one reasonable inference, the case should be submitted to the jury. Further, the factual findings of the jury should not be disturbed unless a review of the record discloses no evidence which reasonably supports such findings. *Orders Distributing Co., Inc. v. Newsome Carpets & Wallcovering*, 308 S.C. 429, 418 S.E. (2d) 550 (1992).

As a first ground, the hospital argues the circuit court erred in denying their motions because Mary Doe's sole remedy against the hospital was under the Workers' Compensation Act. An "employee" under the Workers' Compensation Act is defined as "every person engaged in an employment under any appointment, contract of hire or apprenticeship. . . ." S.C. Code Ann. § 42-1-130 (Supp. 1993). Mary Doe was an unpaid volunteer candy striper. She received classroom and on-the-job training concerning her duties. The duties of candy stripers involved activities such as filling water pitchers, running errands for the nursing staff, and visiting patients. Uniforms were furnished by the hospital and a free lunch was provided to the candy striper on days

worked. Based upon the record, we find no error in the court's conclusion Mary Doe was not an employee under the Workers' Compensation Act. Cf. *McCreery v. Covenant Presbyterian Church*, 299 S.C. 218, 383 S.E. (2d) 264 (Ct. App. 1989) (unpaid church volunteer not an employee), *reversed on other grounds*, 303 S.C. 271, 400 S.E. (2d) 130 (1990).

As a second ground, the hospital argues the only reasonable inference to be drawn from the evidence is it had no prior notice of inappropriate sexual behavior on the part of the male employee and, therefore, it is entitled to a directed verdict on the negligent hiring and negligent supervision causes of action. Viewing the evidence in the light most favorable to Mary Doe, there is a reasonable inference the hospital did have notice of such conduct by the male employee.

During the summer of 1990, a sexual incident occurred between Mary Doe and the male employee. At that time, the male employee was working in patient transport. Although Mary Doe did not report the incident to hospital supervisors, it came to their attention through a conversation with other candy stripers. Mary Doe was questioned about the matter and described the incident as kissing and touching in inappropriate areas. The male employee was questioned and denied the incident. Thereafter, he sought and received a transfer to the security division. After his transfer to security, a second incident with Mary Doe occurred in May of 1991. This sexual encounter occurred in an area of the hospital accessible to security personnel, but not the general public. Mary Doe reported the second incident.

The head of security at the hospital testified he was never advised of the first incident and this was a breach of hospital policy. He testified he was not aware of the first incident when he hired the male employee as a security guard. Documentation regarding the first incident was placed in the employee's file after the second incident. The head of security testified he would not have hired the male employee or would have further investigated his qualifications if he had been aware of the first incident involving Mary Doe.

We agree there is nothing in the record to indicate inappropriate sexual behavior by the male employee prior to the first incident in the summer of 1990. However, after the first incident, the hospital was aware of the allegations of inappropri-

ate behavior, although denied by the employee. The hospital was aware the alleged conduct involved a minor. Subsequently, the employee received a requested transfer to security, although his personnel file did not document the first incident until after the second sexual encounter. Under the facts, there is a reasonable inference the hospital knew or should have known of the necessity of controlling the employee prior to and during the time he was employed as a security guard. *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E. (2d) 495 (1992); *Brockington v. Pee Dee Mental Health Center*, — S.C. —, 433 S.E. (2d) 16 (Ct. App. 1993).

*Appeal of Mary and John Doe*

The jury returned a verdict in favor of Mary Doe in the amount of $545,000. The circuit judge reduced the verdict to $250,000 in compliance with the Couth Carolina Tort Claims Act. The court denied a motion by the Does to award $250,000 for the first assault and $250,000 for the second assault. The Does appeal.

The circuit court had previously granted summary judgment to the hospital on a cause of action for sexual assault related to the first incident. However, evidence relating to the first assault was relevant to the element of notice on the cause of action for negligent supervision. We have previously noted there was no evidence in the record to indicate inappropriate sexual behavior by the male employee prior to the first incident. Under the theories of the case tried to the jury, there was no error by the trial court in denying the motion to award separate damages under the Tort Claims Act for each assault.

Affirmed.

HOWELL, C.J., and CURETON, J., concur.