2551

Michael W. RAKESTRAW, Appellant v. SOUTH CAROLINA
DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION

(473 S.E. (2d) 890)

Court of Appeals

*Kenneth C. Porter,* Greenville, *for appellant.*

*Merl F. Code,* Greenville, *for respondent.*

Submitted May 7, 1996.

Decided July 29, 1996.

HOWELL, Chief Judge:

This action involves the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.* (Supp. 1995). Michael W. Rakestraw (Rakestraw) appeals the trial court's grant of summary judgment in favor of the South Carolina Department of Highways and Public Transportation (SCDHPT) on the ground the SCDHPT was not grossly negligent in failing to reinstate Rakestraw's driver's license in a timely manner. We reverse and remand.

The facts in this case are not in dispute. Rakestraw was issued a valid driver's license. However, because the SCDHPT received a notice of cancellation from Rakestraw's insurance carrier, Rakestraw was required to furnish a certificate of insurance, an SR-22, in order to maintain his license. *See* S.C. Code Ann. § 56-9-540 (1976). The notice of cancellation was

received by SCDHPT on August 27, 1991, and was not to become effective until October 15, 1991. On October 2, 1991, the SCDHPT mailed to Rakestraw an official order of suspension, which became effective on October 15, 1991. On October 14, 1991, the SCDHPT received a certificate of insurance from Rakestraw's insurance carrier, which was subsequently posted to Rakestraw's driving record on October 15, 1991. However, the SCDHPT did not withdraw the order of suspension. On October 18, 1991, Rakestraw was arrested and incarcerated for three days for driving under a suspended license. *See* S.C. Code Ann. § 56-1-460 (Supp. 1995). On October 30, 1991, the SCDHPT cancelled Rakestraw's suspension.

Rakestraw brought this action for damages, alleging the SCDHPT wrongfully terminated his driver's license for failure to furnish the required certificate of insurance. Rakestraw asserted the SCDHPT should have known he had filed a certificate of insurance prior to October 15, 1991, and should not have suspended his license.

The SCDHPT asserted Rakestraw's claim was specifically barred under the Tort Claims Act pursuant to S.C. Code Ann. § 15-78-60(12), in that it was not grossly negligent in handling Rakestraw's suspension.[1]

The SCDHPT moved for summary judgment. In making this motion, he SCDHPT offered the affidavit of Anne B. Wicker, the manager of driver records for the Sou;th Carolina Department of Public Safety. In her affidavit, Wicker listed as follows the Department's timetable for processing SR-22s:

1) On October 14, 1991, the Department processed SR-22s for October 1, 1991,
2) On October 21, 1991, the Department processed SR-22s for October 7, 1991,
3) On October 28, 1991, the Department processed SR-22s for October 11, 1991, and

---

[1] S.C. Code Ann. § 15-78-60(12) (Supp. 1995) provides in full:

The governmental entity is not liable for a loss resulting from: . . . licensing powers or functions including, but not limited to, the issuance, denial, suspension, renewal, or revocation of or failure or refusal to issue, deny, suspend, renew, or revoke any permit, license, certificate, approval, registration, order, or similar authority *except when the power or function is exercised in a grossly negligent manner.* (Emphasis added)

4) On October 30, 1991, Rakestraw's financial responsibility suspension was cancelled as a result of the SR-22 received on October 14, 1991.

The trial court granted summary judgment in favor of SCDHPT, finding the actions of the SCDHPT did not rise to the level of gross negligence under S.C. Code Ann. § 15-78-60(12). The trial court reasoned the uncontradicted evidence established that Rakestraw's paperwork was handled in the normal course of the SCDHPT's business operation and any delay was the result of the SCDHPT's normal backlog of paperwork.

Rakestraw asserts the trial court erred in granting summary judgment in favor of the SCDHPT. Rakestraw argues there is a genuine issue of material fact as to whether the SCDHPT was grossly negligent in suspending his driving privileges when it knew is license would be suspended regardless of any filing made prior to October 15, 1991. Rakestraw contends there is a reasonable inference to be drawn from the evidence that the SCDHPT consciously disregarded his privilege to operate a motor vehicle. We agree.

Summary judgment is proper only when it is clear there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Koester v. Carolina Rental Ctr., Inc.*, 313 S.C. 490, 443 S.E. (2d) 392 (1994). Even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Id.*

Section § 15-78-60(12) of the South Carolina Code is one of numerous exceptions to the South Carolina Tort Claims Act waiver of sovereign immunity. The exceptions under the Act must be construed liberally in favor of limiting the liability of the State and its political subdivisions. S.C. Code Ann. § 15-78-20(f) (Supp. 1995). *See also Rice v. Sch. Dist. of Fairfield*, 317 S.C. 87, 452 S.E. (2d) 352 (Ct. App. 1994), *cert. denied* (June 28, 1995). However, the burden of establishing a limitation upon liability or an exception to the waiver of immunity is upon the governmental entity asserting

it as an affirmative defense. *Strange v. S.C. Dept. of Highways & Pub. Transp.*, 314 S.C. 427, 445 S.E. (2d) 439 (1994); *Niver v. S.C Dept. of Highways & Pub. Transp.*, 302 S.C 461, 395 S.E. (2d) 728 (Ct. App. 1990).

The Supreme Court has held that "[g]ross negligence is a relative term, and means the absence of care that is necessary under the circumstances." *Hollins v. Richland Co. Sch. Dist. One*, 310 S.C. 486, 490, 427 S.E (2d) 654, 656 (1993) (quoting *Hicks v. McCandlish*, 221 S.C. 410, 415, 70 S.E. (2d) 629, 631 (1952)). Gross negligence is the failure to exercise slight care. *Hollings*, 310 S.C. at 490, 427 S.E. (2d) at 656. "Gross negligence is the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Richardson v. Hambright*, 296 S.C. 504, 506, 374 S.E. (2d) 296, 298 (1988). Additionally, gross negligence ordinarily is a mixed question of law and fact. *Clyburn v. Sumter Co. Sch. Dist No. 17*, 317 S.C 50, 451 S.E. (2d) 885 (1994).

Viewing the record in the light most favorable to Rakestraw, we conclude there is sufficient evidence to create a genuine issue of fact as to whether the SCDHPT acted in a grossly negligent manner in failing to reinstate Rakestraw's license in a timely manner. Anytime after August 27, 1991 (the date SCDHPT was notified Rakestraw's insurance had been canceled effective October 15, 1991), the SCDHPT could have notified Rakestraw that his license would be suspended on October 15, 1991. However, this notice was not mailed until October 2, 1991. Wicker's affidavit contained no representation that there existed a 30-day backlog in notifying individuals their license would be suspended after the SCDHPT received notice of cancellation by the insurance carrier. It must be assumed the SCDHPT knew or should have known on August 27, 1991 there would be a two-week delay in lifting Rakestraw's suspension after it received notice of his compliance. Nevertheless, it waited until October 2, 1991 to notify him. Although the SR-22 was received by the SCDHPT on October 14, 1991, and posted on Rakestraw's driving record on October 15, 1991, the suspension was not cancelled until October 30, 1991. If Rakestraw mailed the compliance on the day of receipt, the day after October 2, 1991, at the earliest, he could not have avoided an incorrect status. By the SCDHPT's

own admission it was aware there would be a matter of days Rakestraw and law enforcement would be mistaken as to the status of the suspension. No effort was made by the SCDHPT to eliminate or warn Rakestraw of this eventuality.

We cannot conclude as a matter of law the SCDHPT did not act in a grossly negligent manner. The reason for the SCDHPT's delay in cancelling Rakestraw's suspension requires further inquiry. As such, the trial court erred in granting summary judgment on the ground the SCDHPT was immune from liability pursuant to S.C. Code Ann. § 15-78-60(12)..

Accordingly, the order of the trial court is

Reversed and remanded.

CONNOR and HEARN, JJ., concur.