495 S.E.2d 230

Jane DOE, by her Guardian ad Litem, Mary ROE, and Mary Roe, individually, Respondents–Appellants,

v.

ORANGEBURG COUNTY SCHOOL DISTRICT NO. 2, Appellant–Respondent.

No. 2765.

Court of Appeals of South Carolina.

Heard Oct. 8, 1997.

Decided Dec. 8, 1997

Rehearing Denied Jan. 23, 1998.

Preston F. McDaniel, Columbia, and Clyde C. Dean, Jr., Orangeburg, for respondents-appellants.

William E. Craver, III, and Bruce E. Davis, both of Davis, Craver, Hagood & Kerr, Charleston, for appellant-respondent.

HEARN, Judge:

In this action for negligent supervision, Orangeburg County School District No. 2 (the school district) appeals from a jury verdict in favor of Jane Doe, by her Guardian *ad Litem* Mary Roe, and Mary Roe individually. Doe and Roe cross-appeal, arguing that the jury's verdict was inadequate and thus the trial judge should have granted a new trial *nisi additur*. We reverse and remand for a new trial.

## FACTS

On February 16, 1994, Doe, a fourteen-year-old student at Bowman High School in Orangeburg, reported to her guidance counselor that she had been sexually assaulted earlier that day by a sixteen-year-old male special education student. The male student and several other boys were cleaning the school gymnasium that morning under the supervision of Coach Johnnie Culbreath. In response to a phone call from another school requesting information about Bowman's athletic department, Culbreath left the boys in the gymnasium and drove to the district office to fax some documents.

While Culbreath was gone, Doe walked through the gym on the way to deliver an attendance sheet to the main office for her homeroom teacher. Doe alleges the male student pulled her into the girls locker room and raped her. Immediately thereafter, Doe went to a friend's classroom and told both the friend and the teacher about the incident. She then reported it to her guidance counselor, the principal, the assistant principal, and the school nurse. The assistant principal and school nurse accompanied Doe to the police department, and then to Orangeburg Regional Medical Center, where a rape-protocol exam was performed.

The male student was charged with criminal sexual conduct and kidnapping. He pled guilty in the family court to first degree criminal sexual conduct in exchange for having the kidnapping charges dropped.

On September 9, 1994, Doe brought this action against the school district for negligent supervision. At trial, the school district sought to introduce testimony that Doe willingly engaged in sexual intercourse with the male student. The trial judge precluded the school from introducing any evidence of Doe's consent, finding that she was not legally capable of consenting to sexual intercourse due to her age. The trial judge prevented both parties from presenting testimony as to the details of the events that took place in the locker room, except to say that an event transpired, and as a result of that event, the male student pled guilty to first degree CSC. Both parties were, however, allowed to present testimony concerning Doe's actions and appearance after the alleged incident.

The jury returned a verdict in favor of Doe for $20,000 and in favor of her mother, Mary Roe, for $20,000.

## I.

■ The school district argues there was insufficient evidence of its gross negligence to warrant submission of this case to the jury. We disagree.

■ Pursuant to the South Carolina Tort Claims Act, a governmental entity is not liable for a loss arising from the entity's responsibility to supervise, protect, or control a student unless the entity acts in a grossly negligent manner.

S.C.Code Ann. § 15–78–60(25) (Supp.1996). The burden of establishing this limitation upon liability is upon the governmental entity asserting it as an affirmative defense. *Rakestraw v. South Carolina Dep't of Hwys. & Pub. Trans.*, 323 S.C. 227, 230–31, 473 S.E.2d 890, 892 (Ct.App.1996). South Carolina courts have defined gross negligence as the failure to exercise slight care. *Id.* at 231, 473 S.E.2d at 893; *see also Hollins v. Richland Co. Sch. Dist. One*, 310 S.C. 486, 490, 427 S.E.2d 654, 656 (1993) ("gross negligence is a relative term, and means the absence of care that is necessary under the circumstances"). Additionally, gross negligence ordinarily is a mixed question of law and fact. *Clyburn v. Sumter Co. Sch. Dist. No. 17*, 317 S.C. 50, 53, 451 S.E.2d 885, 887 (1994).

The school district argues it exercised at least slight care in supervising its students and that it was not reasonably foreseeable that a male student would engage in a sexual assault upon another student. We disagree. It is undisputed that the male students were alone in the gym for at least fifteen minutes while the teacher charged with the responsibility of supervising left the school. The male student involved in the attack was a special education student who had prior disciplinary violations at school, at least one of which involved the improper touching and feeling of girls.

Viewing the evidence in the light most favorable to Doe, we conclude there was sufficient evidence to create a jury question as to whether the school district acted in a grossly negligent manner.

## II.

█ The school district argues the trial judge erred in excluding all evidence of Doe's consent to engage in sexual relations with the male student. We agree.

The male student pled guilty to first degree CSC. Under S.C.Code Ann. § 16–3–652 (1985), a person is guilty of first degree CSC:

if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:

(a). The actor uses aggravated force to accomplish sexual battery.

(b). The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act.

Under S.C.Code Ann. § 16–3–655 (1985), entitled "Criminal sexual conduct with minors," a person is guilty of second degree CSC:

if the actor engages in sexual battery with a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim.

The trial judge cited both of these statutes to the jury at the beginning of the trial and at the conclusion of the presentation of all evidence. The trial judge also prohibited the school district from introducing any evidence of consent on the ground that Doe was legally incapable of consenting to sexual relations with someone older than she under section 16–3–655. In so ruling, the trial judge relied on *Doe v. Greenville Hospital System*, 323 S.C. 33, 448 S.E.2d 564 (Ct.App.1994). He also cited part of the "rape shield statute" in support of his decision to bar testimony and evidence of consent. S.C.Code Ann. § 16–3–659.1 (1985 & Supp.1996).

In *Doe*, the minor plaintiff sued the hospital for negligent hiring and supervision of a male employee who sexually assaulted her while she worked at the hospital as a candy striper. *Id.* at 35–36, 448 S.E.2d at 565. The hospital argued the trial judge erred in charging the jury that an unmarried female under the age of sixteen could not legally consent to sexual intercourse with an adult. *Id.* at 37, 448 S.E.2d at 566. The hospital objected to the charge on the ground that it was based on a criminal statute which it asserted had no applicability in a civil assault and battery case. *Id.* The court stated:

As a matter of public policy, the General Assembly has determined a minor under the age of sixteen is not capable of voluntarily consenting to a sexual battery committed by an older person. S.C.Code Ann. § 16–3–655(3) (1985). This is the law of this state, whether it is applied in a criminal or

civil context. Further, the issue before the jury was whether the hospital negligently hired or supervised an employee who committed a criminal act against the plaintiff. Thus, the criminal statute is applicable to this civil suit.

*Id.*

In *Doe*, the minor plaintiff's willing participation in the sexual activity was an issue at trial. Whether this was proper, however, was not an issue raised on appeal. Thus, the *Doe* opinion does not answer the question presented here: whether a third party defending a suit for negligent supervision by a victim of sexual battery is precluded from raising the issue of the plaintiff's consent where the perpetrator has pled guilty and the victim is legally incapable of consenting.

Although no South Carolina cases have addressed this point directly, we note that this state's "rape shield statute" applies by its terms only to "prosecutions" and is not applicable in civil cases.[1] S.C.Code Ann. § 16–3–659.1 (Supp.1996). Furthermore, other states addressing this issue have held that evidence of the victim's consent and prior sexual history, while not relevant in a criminal prosecution, may be relevant in a related civil suit to refute the plaintiff's claim for damages.[2]

---

1. *See also State v. Smith,* 181 S.C. 485, 487, 188 S.E. 132, 133 (1936) (holding that the constitutional provision regarding the age of female consent was a "rule of evidence" in the proof of consent in criminal cases).

2. *Barnes v. Barnes,* 603 N.E.2d 1337, 1342–43 (Ind.1992) (where the minor plaintiff was seeking compensation for mental injury resulting from the defendant's sexual conduct, the Indiana Rape Shield Statute did not preclude the defendant from introducing evidence of plaintiff's other sexual activities); *A.K. v. Reed,* 631 So.2d 604, 607–08 (La.Ct.App. 1994) (in a suit by a minor against a school stemming from her sexual assault by an older student, it was error for the trial court to hold that the minor's consent to the sexual activity could not be raised as a defense); *Berry v. Deloney,* 28 F.3d 604, 608 (7th Cir.1994) (where minor alleged she had been sexually abused by her school's truant officer, evidence concerning the minor's prior sexual activity with the defendant was unquestionably relevant on the issue of damages). *See also J.J.G. v. L.H.,* 149 Wis.2d 349, 441 N.W.2d 273, 275 (App.1989) (holding that although the minor was incapable of consent under the state's sexual assault law, that statutory presumption did not apply in a related paternity action).

Under *Doe*, the trial judge properly charged the jury that Doe was incapable of legally consenting to the sexual conduct. We believe he read *Doe* too broadly, however, in ruling that the school district could not introduce evidence of Doe's consent for purposes of determining liability and damages. A jury's determination of the school district's liability for negligent supervision in a rape case could very well differ in a case where two students conspire to evade discovery by teachers and engage in sexual relations. Likewise, a jury would likely award greater damages to a plaintiff who was forced to engage in sexual intercourse than it would to a plaintiff who willingly engaged in such conduct. We therefore hold that Doe's alleged willing participation in the sexual activity was relevant on the issue of the school district's negligent supervision of its students and on her claim for damages. We agree with the following analysis by the Indiana Supreme Court:

> Unlike the victim in a criminal case, the plaintiff in a civil damage action is "on trial" in the sense that he or she is an actual party seeking affirmative relief from another party. Such plaintiff is a voluntary participant, with strong financial incentive to shape the evidence that determines the outcome. It is antithetical to principles of fair trial that one party may seek recovery from another based on evidence it selects while precluding opposing relevant evidence on grounds of prejudice.

*Barnes v. Barnes*, 603 N.E.2d 1337, 1342 (Ind.1992).

Because we reverse and remand for a new trial on this ground, we need not reach the remaining issues on appeal.

Accordingly, the decision of the lower court is

**REVERSED AND REMANDED.**

HOWELL, C.J., and STILWELL, J., concur.