**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Scottie Gordon, Appellant,

v.

Anan Hussein, Respondent.

Appellate Case No. 2023-000564

———————

Appeal From Orangeburg County
Heath P. Taylor, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-281
Submitted May 1, 2026 – Filed June 10, 2026

———————

**AFFIRMED**

———————

Scottie Gordon, of Livingston, pro se.

Michael C. Tanner, of Michael C. Tanner, LLC, of Bamberg, for Respondent.

———————

**PER CURIAM:** Scottie Gordon appeals the circuit court's order which affirmed the magistrate court's grant of a writ of ejectment to Anan Hussein in Hussein's notice to quit against David New and Gordon concerning real property in Livingston, South Carolina (the Property). On appeal, Gordon argues the circuit court and magistrate court erred in (1) failing to recognize his due process rights because he did not receive notice before his property was sold at a tax sale; (2)

denying his rights to counsel and equal protections of the law; (3) denying his rights to present evidence and to be heard; (4) denying his request to transfer the case to the proper venue; (5) and utilizing acts of tyranny to deprive him of his rights to life, liberty, and property.  We affirm pursuant to Rule 220(b), SCACR.

We hold Gordon has failed to meet his burden to provide a record which is sufficiently complete for appellate review; therefore, we affirm the circuit court's order.  *See* Rule 210, SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal."); *State v. Brown*, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004) ("[I]t is error for [an appellate court] to consider facts not included in the magistrate's return."); *Doe by Doe v. Greenville Hosp. Sys.*, 323 S.C. 33, 38 n.2, 448 S.E.2d 564, 567 n.2 (Ct. App. 1994) ("The burden is on [the] appellant to furnish an adequate record on appeal from which this court can make an intelligent review."); *State v. Hutto*, 279 S.C. 131, 132, 303 S.E.2d 90, 91 (1983) (affirming the trial court's judgment because the appellant failed to present a record "sufficiently complete" to permit appellate review).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.