Christa G. BOHRER, Plaintiff–Appellee,

v.

Daniel DeHART; First United Methodist Church of Greeley, a nonprofit Colorado corporation; and Rocky Mountain Conference of the United Methodist Church, a non-profit Colorado corporation, Defendants–Appellants.

Nos. 94CA1058, 94CA1183 and 94CA1200.

Colorado Court of Appeals.

Feb. 20, 1997.

Rehearing Denied April 3, 1997.

Certiorari for Cross Petition Granted Oct. 20, 1997.

Holland, Seelen & Pagliuca, Joyce Seelen, Brian K. Holland, Denver, for Plaintiff–Appellee.

Hibschweiler & Johnson, James D. Johnson, Sheila E. Barthel, Denver, for Defendant–Appellant Daniel DeHart.

Keller, Wahlberg & Morrato, P.C., James J. Morrato, Denver, for Defendant–Appellant First United Methodist Church of Greeley.

Quigley & Bruce, William C. Ritter, Neil Quigley, Denver, for Defendant–Appellant Rocky Mountain Conference of the United Methodist Church.

BRIGGS, Judge.

Defendants, Daniel DeHart (DeHart), First United Methodist Church of Greeley (Church), and Rocky Mountain Conference of the United Methodist Church (Conference), appealed the judgment of the trial court finding them liable to plaintiff, Christa G. Bohrer. Plaintiff's claims arose out of DeHart's sexual abuse of her while she was a minor, beginning while DeHart was a youth minister employed by the Church, which is a member of the Conference.

In a previous opinion, *Bohrer v. DeHart,* 943 P.2d 1220 (Colo.App.1996), we affirmed

the judgment of liability against DeHart on plaintiff's claims for breach of fiduciary duty, outrageous conduct, and punitive damages, the judgment of liability against the Conference on the claim for negligent hiring and supervision, and the award of costs jointly and severally against all defendants. We reversed the judgment of liability on the claims against the Conference for breach of fiduciary duty and for punitive damages. We also reversed the compensatory and punitive damage awards against DeHart and the Conference. We remanded the cause for a new trial to allocate fault among the defendants, to determine compensatory damages to be awarded against DeHart and the Conference, to determine punitive damages to be awarded against DeHart, and to determine whether and, if so, in what amount punitive damages should be awarded against the Conference.

Our analysis in reaching these results was consistent with part of the analysis articulated by another division of this court in *DeBose v. Bear Valley Church of Christ*, 890 P.2d 214 (Colo.App.1994). However, in *Bear Valley Church of Christ v. DeBose*, 928 P.2d 1315 (Colo.1996), the supreme court reversed the judgment of the court of appeals in *DeBose v. Bear Valley Church of Christ, supra*, and remanded with directions to reinstate the trial court's judgment.

On petitions and cross-petitions for certiorari in this case, the Colorado Supreme Court vacated our judgment and remanded the cause to us for reconsideration in light of its recent decision in *Bear Valley Church of Christ v. DeBose, supra*.

Upon that reconsideration, we reach the same conclusion we reached in our previous opinion. In reversing the decision in *DeBose v. Bear Valley Church of Christ, supra*, the supreme court did not reject or criticize the portion of the analysis in that opinion upon which we relied in part in our earlier opinion in this case. Having again reviewed that analysis, as well as the supreme court's decision in *Bear Valley Church of Christ v. DeBose, supra*, we find no basis for reaching any conclusions different than we have previously reached.

Accordingly, for the reasons set forth in our earlier opinion, the judgment of liability against DeHart on the claims for breach of fiduciary duty, outrageous conduct, and punitive damages, the judgment of liability against the Conference on the claim for negligent hiring and supervision, and the award of costs jointly and severally against all defendants are affirmed. The judgment of liability on the claims against the Conference for breach of fiduciary duty and for punitive damages are reversed. The compensatory and punitive damage awards against DeHart and the Conference are also reversed. The cause is remanded for a new trial to allocate fault among defendants, to determine compensatory damages to be awarded against DeHart and the Conference, to determine punitive damages to be awarded against DeHart, and to determine whether and, if so, in what amount, punitive damages should be awarded against the Conference, consistent with the views expressed in our earlier opinion.

STERNBERG, C.J., and MARQUEZ, J., concur.