518 S.E.2d 259

Jane DOE, by her Guardian ad Litem, Mary ROE,
and Mary Roe, individually, Petitioners,

v.

ORANGEBURG COUNTY SCHOOL
DISTRICT NO. 2, Respondent.

No. 24964.

Supreme Court of South Carolina.

Heard June 9, 1999.
Decided July 12, 1999.
Rehearing Denied Aug. 17, 1999.

Preston F. McDaniel, of Columbia, and Clyde C. Dean, of Orangeburg, for petitioners.

William E. Craver, III, Bruce E. Davis, and Wendy L. Wilkie, all of Davis, Craver, Hagood, and Kerr, of Charleston, for respondent.

WALLER, Justice:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Doe v. Orangeburg County School District No. 2,* 329 S.C. 221, 495 S.E.2d 230 (Ct.App.1997). We affirm as modified.

## FACTS

This is a negligent supervision case. Doe, age 14, a student at Bowman High School in Orangeburg, was sexually assaulted in the girl's bathroom of the school gymnasium by an educably mentally handicapped 16 year old student. Thereafter, Doe and her mother sued the Orangeburg County School District (District) for negligent supervision alleging that the teacher who was supposed to be supervising the special education students, Coach Corder, had left the students unsupervised in the gymnasium, thereby allowing the assault to occur.

As a defense to her claim of negligent supervision, District asserted Doe had consented to the sexual encounter. Doe moved *in limine* to exclude any evidence of her consent to the assault, contending a minor under the age of sixteen is legally incapable of consenting to sexual battery. The trial court, relying on the Court of Appeals' opinion in *Doe v. Greenville Hospital System,* 323 S.C. 33, 448 S.E.2d 564 (Ct.App.1994), agreed that evidence of Doe's consent was improper.[1] The

---

1. District sought to introduce evidence that Doe and the alleged assailant had had a prior relationship, that she went to the gym asking for

Court of Appeals reversed and remanded for a new trial, holding District should have been permitted to introduce evidence of Doe's consent for purposes of determining liability and damages.

## ISSUE [2]

Did the Court of Appeals err in holding District should have been permitted to introduce evidence of Victim's alleged consent?

## DISCUSSION

 Pursuant to S.C.Code Ann. § 16-3-655(3):

A person is guilty of criminal sexual conduct in the second degree if the actor engages in sexual battery with a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim.

In *Doe v. Greenville Hospital System*, 323 S.C. 33, 37, 448 S.E.2d 564, 566 (Ct.App.1994), *cert. dismissed as improvidently granted*, 320 S.C. 235, 464 S.E.2d 124 (1995), the Court of Appeals held that in enacting section 16-3-655, "[a]s a matter of public policy, the General Assembly has determined a minor under the age of sixteen is not capable of voluntarily consenting to a sexual battery committed by an older person. . . .

---

"her friend" and willingly accompanied him into the bathroom, and that Doe told a friend that the incident wasn't really rape. District also proffered the deposition testimony of the assailant, who testified that the sex was originally consensual, but that he did not get up as soon as Doe asked him to. Finally, District proffered testimony tending to dispute the claim Doe was a sweet, innocent young girl with testimony that she had been overheard making sexually explicit statements.

2. Doe also asserts the assailant's guilty plea renders the issue of consent *res judicata*. Given that District was neither a party nor a privy to the plea, the matter is not *res judicata* as to District. *Sub-Zero Freezer Co. v. R.J. Clarkson Co.*, 308 S.C. 188, 417 S.E.2d 569 (1992) (res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties).

This is the law of this state, whether it is applied in a criminal or civil context." [3] (Emphasis supplied). In both *Doe v. Greenville* and the present case, the Court of Appeals held a jury charge that the victim was legally incapable of consenting to the sexual conduct was proper.[4]

■ Doe asserts that to instruct the jury she could not legally consent to the sexual battery, and simultaneously permit the jury to consider evidence of her consent is logically inconsistent. We disagree. Initially, we see no reason why an instruction limiting the jury's use of the victim's consent would not serve to eliminate any potential prejudice.[5] *See Berry v. Deloney*, 28 F.3d 604 (7th Cir.1994) (trial court's repeated admonitions to jury that it could consider victim's consent only as to damages sufficient to eliminate the need for bifurcation). Second, if the trial court were to find the potential for prejudice too severe, it could order bifurcation of the issues of liability and damages pursuant to SCRCP, Rule 42(b). *See Creighton v. Coligny Plaza Limited Partnership*, 334 S.C. 96, 512 S.E.2d 510 (Ct.App.1998).

---

3. The South Carolina Constitution also prohibits an unmarried female's consent. *See* S.C. CONST., Art. 3, § 33 (No unmarried woman shall legally consent to sexual intercourse who shall not have attained the age of fourteen years). Given our constitutional provision, we concur with the Court of Appeals' holding in *Doe v. Greenville Hospital* that the prohibition on consent applies in both the criminal and civil context.

4. Accordingly, contrary to Doe's contention, the Court of Appeals did not limit this principle to criminal cases.

5. There are numerous situations in this state in which evidence, inadmissible for one purpose, is admissible for another and the jury is instructed that it may consider the evidence only for the limited purpose for which it was admitted. For example, a defendant's prior convictions are generally not admissible to prove guilt of the crime for which the defendant is on trial, but go only to credibility. *See State v. Smalls*, 260 S.C. 44, 194 S.E.2d 188 (1973) (evidence of the prior convictions could only be considered on the issue of his credibility as a witness and not upon the question of guilt; court found reversible error in refusal of trial court to so charge). *See also* SCRE, Rule 609 (impeachment by evidence of conviction of crime); SCRE, Rule 105 (when evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly); SCRE, Rule 407 (subsequent remedial measures).

In similar contexts courts have held a victim's willing participation is relevant to her civil claim for damages, notwithstanding statutory provisions negating the minor's ability to consent. *See Parsons v. Parker*, 160 Va. 810, 170 S.E. 1, 2–3 (1933) (statute rendered minor incapable in law of consenting to sexual act and defendant is liable in a civil suit for damages without regard to any question of consent; however, proof that the female consented is admissible on the quantum of damages); *LK v. Reed*, 631 So.2d 604 (La.App. 3rd Cir.1994) (holding that irrebuttable statutory presumption that minor could not consent to crime of carnal knowledge can not fully invalidate minor's consent to sexual intercourse in subsequent suit for damages; better analysis is to include principles of comparative fault);[6] *Berry v. Deloney, supra* (evidence concerning victim's prior and subsequent abortions not barred by Rape Shield Statute since jury could find it diminished amount of plaintiff's claimed damages for pain, suffering and emotional injuries allegedly caused by victim's sexual relationship with her school truant officer); *Barton v. Bee Line, Inc.*, 238 A.D. 501, 265 N.Y.S. 284 (1933) (public policy would not be served by permitting victim to recover damages for her willing participation in that against which the law sought to protect her).

As noted by the Court of Appeals, the rationale for these holding was aptly stated in *Barnes v. Barnes*, 603 N.E.2d 1337, 1342 (Ind.1992):

> Unlike the victim in a criminal case, the plaintiff in a civil damage action is "on trial" in the sense that he or she is an actual party seeking affirmative relief from another party. Such plaintiff is a voluntary participant, with strong financial incentive to shape the evidence that determines the outcome. It is antithetical to principles of fair trial that one party may seek recovery from another based on evidence it selects while precluding opposing relevant evidence on grounds of prejudice.[7]

---

6. The court in *LK v. Reed* found that the victim's consent could be vitiated by such factors as her age, intellect, social skills, and family stress.

7. The *Barnes* court analogized the case to that of personal injury plaintiff who seeks to conceal evidence relevant to the claimed injury by invoking the physician-patient privilege. "**By placing one's mental or**

*Accord, LK v. Reed, supra* (credibility of participants is an essential determination in a civil suit for sexual assault). While *Barnes* involved Indiana's Rape Shield Statute, we find the same underlying policy considerations apply here.

In accordance with these authorities, we hold evidence of a victim's willing participation or consent is admissible insofar as it pertains to a claim for damages. To prohibit such evidence would effectually allow a victim to come in and tell a one-sided version of events, without being subject to any real cross-examination or impeachment as to the damages actually suffered. Such a result is untenable. Accordingly, we hold the Court of Appeals' properly held District should have been permitted to introduce evidence of Doe's willing participation relevant to her damages.[8]

■ However, given our statutory and constitutional provisions, we agree with Doe that the fact that she may have consented to the intercourse is simply irrelevant for purposes of determining **liability.** Cases addressing similar issues hold that a victim's willing participation is only admissible on the issue of **damages.** *See Parsons v. Parker, supra; LK v. Reed,* supra. In holding otherwise, the Court of Appeals essentially held consent could be a **complete defense** to Doe's claim of negligent supervision. Given that § 16–3–655(3) applies to negate a victim's consent in both the criminal and civil context, *Doe v. Greenville, supra,* we hold consent is not a **defense** in either context. Accordingly, to the extent the Court of Appeals held evidence of Doe's consent was admissible on the

---

**physical condition in issue,** a party has done an act which is so incompatible with an invocation of the physician-patient privilege that the **privilege is deemed waived as to that condition.**" 603 N.E.2d at 1343, *citing Canfield v. Sandock,* 563 N.E.2d 526 (Ind.1990) (emphasis supplied).

8. Doe contends the Court of Appeals should have specifically enumerated which evidence was admissible at trial, and decided whether the erroneous exclusion required reversal. This issue was not raised in Doe's petition for rehearing to the Court of Appeals and is therefore not preserved for review. *Anonymous v. State Bd. of Medical Examiners,* 329 S.C. 371, 496 S.E.2d 17 (1998) (issue not ruled on by Court of Appeals and upon which rehearing is not sought is not preserved for this Court's review). In any event, in reversing and remanding for a new trial, it is inherent that the Court of Appeals found exclusion of this testimony prejudicial to the defense. We agree.

issue of District's **liability,** its opinion is modified, and the matter remanded for a new trial.

## CONCLUSION

We affirm the Court of Appeals' holding that evidence of a Victim's willing participation in a sexual encounter is relevant in her subsequent civil suit for **damages.**[9] However, such evidence is limited to a victim's claim of damages, and is not admissible on the issue of liability. Accordingly, the Court of Appeals' opinion is modified to this extent it held evidence of Doe's consent was also admissible on the issue of liability.

**AFFIRMED AS MODIFIED.**

FINNEY, C.J., TOAL, MOORE, and BURNETT, JJ., concur.

---

9. As noted previously, it is within the trial court's discretion either to instruct the jury as to the limited admissibility of such evidence, or to bifurcate the trial on the issues of liability and damages.